IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN L. WILLIAMS,<br><br>Plaintiff<br><br>vs.<br><br>SUPERINTENDENT<br>MICHAEL R. CLARK, et al.,<br><br>Defendants | Case No. 1:17-cv-00204 (Erie)<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>OPINION AND ORDER ON<br>PLAINTIFF'S MOTION TO COMPEL<br>[ECF No. 89] |

OPINION AND ORDER

Shawn L. Williams, a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), filed the underlying *pro se* action on July 31, 2017. ECF No. 1. Presently pending before the Court is Williams' motion to compel discovery based upon alleged deficiencies in Defendants' responses to his interrogatories and request for production of documents.[1] ECF No. 89. For the reasons discussed below, the motion will be GRANTED IN PART and DENIED IN PART.

I. Standard of Review

In general, the scope and limits of discovery are governed by Rule 26 of the Federal Rules of Civil Procedure. Specifically, Fed. R. Civ. P. 26 (b) (1) defines the scope of discovery as follows:

---

[1] In addition, Williams seeks sanctions on the grounds that Defendants' response to his document requests and interrogatories were not timely. Having reviewed the discovery requests at issue and Defendants' responses thereto, the Court finds that Defendants responses were timely and, in any event, nothing in the record supports the imposition of sanctions against Defendants under Fed.R.Civ.Pro. 37.

1

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26 (b)(1). Evidence is "relevant 'if it has any tendency to make a fact more or less probable that it would be without the evidence' and 'the fact is of consequence in determining the action.'" *Allen v. Eckard*, 2019 WL 1099001, at *2 (M.D. Pa. March 3, 2019) (citing *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 2016 WL 3519618, at *3 (E.D. Pa. June 28, 2016). Although relevance in discovery is broader than for evidentiary purposes, it is not without its limits. *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A.*, 144 F.R.D. 258, 265 (E.D. Pa. 1992). "In ascertaining which materials are discoverable and which are not, a district court must further distinguish between requests that 'appear reasonably calculated to lead to the discovery of admissible evidence, and demands that are 'overly broad and unduly burdensome.'"[2] *Westfield Insurance Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 111 (E.D. Pa. 2017) (citing *Miller v. Hygrade Food Products Corp.*, 89 F. Supp. 2d 643, 657 (E.D. Pa. 2000); *see also Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 191 (D.N.J. 2010).

---

[2] Determining the proper scope of discovery, "and the extent to which discovery may be compelled, are matters consigned to the court's discretion and judgment." *Casrtagena v. Service Source, Inc.*, 328 F.R.D. 139, 142 (M.D. Pa. 2018); *See also Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). "This far reaching discretion extends to rulings by United Stated Magistrate Judges on discovery matters. So, District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes." *Id.* (citing *Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572 585 (D.N.J. 1997). The Court's decision regarding the conduct of discovery, including whether to compel disclosure, will be disturbed only if a magistrate judge has abused his discretion. *See Marroquin-Manriquez*, 699 F.2d at 134.

2

Federal Rule of Civil Procedure 37 allows a party who receives evasive or incomplete discovery responses to seek a court order compelling additional disclosure or discovery. A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Olin Corp.*, 298 F.R.D. at 263 (citing *Bracey v. Harlow*, 2012 WL 4857790, *2 (W.D. Pa. Oct. 12, 2012). Once that burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.*

II. Williams' Claims

The relevance of each of the discovery requests at issue must be assessed in the context of Williams' claims and the issues of the case. Williams asserts a claim under the Prison Rape Elimination Act, 28 C.F.R. §115 ("PREA"). See Generally ECF No. 1. Williams alleges that, primarily in 2015, Defendant Beddick subjected him to a "campaign of harassment" in retaliation for his submission of the PREA claim and additional grievances. Williams also alleges that Defendants Girioux, Clark, Franz, Meure, Irwin, Jones, Anders, Bashor, Szelewski, and Susiak acquiesced to Defendant Beddick's conduct and failed to comply with PREA investigation procedures. *Id.*

III. Discussion

Generally, Williams seeks discovery regarding the following: medical and mental health records; information regarding other inmates; copies of Departmental policies and procedure, and Departmental staff assignments. *See Generally* ECF No 89. At the outset, the Court notes that Defendants represent that they have already produced much of the information Williams

seeks in these requests. Defendants have objected to numerous requests for production of documents and interrogatories concerning which Williams now seeks an order compelling discovery. The subject requests/interrogatories, the Defendants' objections, and the Court's rulings are detailed as follows.

   A. Requests for Production of Documents directed to Defendants Franz, Giroux, Szelewski, Beddick, Anderson, and Bashor

   1. Request Nos. 4 & 5

In Request No. 4 and No. 5, Williams asks for "any and all records, notes, memos, writings, reports, and filings" contained in the Williams' DC-14 and DC-15 files. ECF No. 89. Defendants object to this request as overbroad and irrelevant. They maintain that the requests encompass "nearly every piece of paper generated by the Department of Corrections on Williams for four years." ECF No. 98. Defendants also object because the request asks for highly confidential information, including mental impressions and considerations of staff members. *Id.*

The Court agrees that the requests are overly broad and lack relevancy. Williams' request for these files is not limited to any specific timeframe but instead seeks the files in their entirety—from the date of his incarceration at SCI Albion to the day he sought discovery. The Court also notes that DC-14 counselor documents contain mental impressions of staff members and Defendants have valid security concerns associated with a wholesale release of Williams' records. Confidentiality and security concerns relating to the release of such records outweigh any possible relevance of the information. Finally, the Court notes that Defendants have produced the full grievances from February 2015-October 2017, misconducts B836085 and B591898, and the OSII investigation materials relating to Plaintiff and Defendant Beddick. These documents appear to comprise the investigatory information relevant to the claims and defenses of this case Therefore, the motion to compel is DENIED as to Requests No. 4 and 5.

2. Request No. 12

The same is true for Request No. 12. Here, Williams requests the "housing unit log entries from the SCI Albion Diversionary Treatment Unit." ECF No. 89. He claims that the "log entries" are necessary to determine "signature entries of all staff and officials who entered the DTU on December 12, 2015." *Id.* Defendants objected to this request as irrelevant and unclear as to what "log book entries" Plaintiff is seeking. The Court agrees with Defendants' objection. Further, Williams has not made any proffer to explain why identification of all staff and officials who entered the DTU is relevant or proportional to the claims or defenses of this action Accordingly, the motion to compel the production of the housing unit log entries is DENIED.

3. Request No. 10

In Request No. 10, Williams asked for "any and all mental health records and medical records of Williams . . . ." *Id.* Williams argues that his records are relevant because he is pursuing a claim against Defendants for excessive use of force. ECF No. 90. Defendants objected to the disclosure of all mental health records, citing security concerns. ECF No. 98. In addition, they objected to Williams' request for all medical records as having "no discernable relationship to this lawsuit." *Id.* But they have provided Williams with medical records for the specific date of the alleged incident at issue. *Id.*

Defendants' objections are well-taken. In similar cases, courts have recognized security concerns related to the release of any mental health records. As previously explained:

> With respect to the mental health records, were they made available to inmates or the public, DOC professionals would tend to refrain from entering candid opinions and evaluations. Consequently, "decision-makers would not have the benefit of honest observations from professionals in the field." Moreover, "if an inmate knows how DOC staff will evaluate him and how particular behaviors are likely to be interpreted, he is capable of manipulating the resulting determination," which could lead to inaccurate assessments, improper institutional placements, and possible premature release from custody.

5

*Banks v. Beard*, 2013 WL 3773837, *3 (M.D. Pa. July 17, 2013); *see also Carter v. Baumcratz*, 219 WL 652322, *2(W.D. Pa. Feb. 15, 2019); *Spencer v. Collins*, 2013 WL 5176747, *2 (M.D. Pa. Sept. 12, 2013). The reasoning in these cases applies with equal force to the instant motion. The Court therefore DENIES the motion to compel production of mental health records.

As to Williams' request for access to all medical records, the Court is satisfied with Defendants' response to the request. Indeed, Williams' request for "any and all" medical records is paradigmatic of an overly broad request. If Williams would like to review all of his medical records, the Department of Corrections in DC-ADM 003 provides him a mechanism for inspecting those records. The Court will also DENY Williams's motion to compel the production of additional medical records.

3. Request No. 11

Request No. 11 asks the Defendants to produce "any and all original or copies of PREA . . . monitoring forms identifiable to Williams . . . ." ECF No. 89. Defendants respond that they have already provided documents related to the events Williams alleges were retaliatory and object to the additional requests because they seek confidential documents. ECF

As the Court is aware of no privilege or other authority to withhold the PREA retaliation monitoring forms as they relate specifically to Williams, and finds that such forms/reports are relevant to Williams' claims in this action, the Court will GRANT the motion to compel as to this request. See *McMillian v. Department of Corrections*, 2015 WL 11117684, at *1 (N.D. Fla. May 18, 2016)(holding that DOC must provide the plaintiff with existing "documents generated by the DOC pursuant to the PREA and its own internal PREA procedures"). Defendants shall produce the PREA retaliation monitoring forms to Williams within fourteen (14) day of the date of this Order.

4. Request No. 13

In Request No. 13, Williams requested "[t]he 2015 DC-ADM 008 Prison Rape Elimination Act (PREA) procedures in effect at the time of PREA 2015-P-659 investigation." ECF No. 89. The Defendants contend they have already produced a copy of the document to Williams and that additional copies of this public document are available to Williams through internal channels at the prison. As the Court reads Williams' motion, he asserts that Defendants produced the 2014 version of the DC-ADM 008 procedures, but not the 2015 version of the procedures. To the extent the 2014 version was in effect in 2015, Defendants already have complied with the request and the motion as it relates to this request is DENIED AS MOOT. To the extent an updated version of the procedures was in effect in 2015, and notwithstanding its potential availability through other means, the motion to compel is GRANTED as to this request, and Defendants are ordered to produce the updated version to Williams within fourteen (14) days of the date of this Order.

5. Request Nos. 6 & 9

Williams next has asked for "any and all incident reports" identifiable as DC-121 involving Williams. ECF No. 89. Defendants responded that the requested incident reports do not exist. Williams now seeks to compel the production of such documents arguing that "circumstances and evidence... prove that the defendants are being deceitful." ECF No. 90. However, he provided no evidence to support his position that the Defendants have acted in bad faith. *APG-International, Inc v. Mero-TSK*, Inc., 2012 WL 13018967, at *2 (D.N.J. Jan. 12, 2012) (citing *Norman v. Young*, 422 F.2d 470, 472–73 (10th Cir. 1970) (holding that the party requesting production of documents is charged with establishing that party from whom documents are sought has possession, custody or control). Because Williams failed to meet his

initial burden, the Defendants response is sufficient. *Id*; *See also Bracey v. Harlow*, 2012 WL 4857790, at *4 (W.D.Pa. Oct.12, 2012) (court cannot compel the production of things that do not exist; nor can the Court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation."). The motion to compel is DENIED as to this request with the understanding that the Court retains the authority to take proper action if it is later determined that any party has wrongfully withheld responsive documents or provided untruthful or misleading responses to discovery.

   B. First Set of Interrogatories Directed to Defendants Franz, Giroux, Szelewski, Beddick, Anderson, and Bashor.

      1. Interrogatory No. 3

In Interrogatory 3, Williams asks for the name of every individual who worked on the "program review committee from June 2015- December 2018." ECF No. 89. Defendants object to the interrogatory as overly broad and seeking information not relevant to the claims or defenses of the case. The Court agrees that the identities of the members of program review committee are not relevant to the remaining claims and defenses of this case. Accordingly, Williams' motion to compel is DENIED as to this interrogatory.

      2. Interrogatories Nos. 5, 7, 8, 9 & 11

In Interrogatories 5, 7, 8, 9 & 11, Williams asks for information regarding any grievances, abuse allegations, and PREA claims made against Defendant Beddick, as well as the number of times Defendant Beddick was assaulted by an inmate. *See generally* ECF No. 89. Courts in this District have long held that requests for alleged misdeeds of defendants against other inmates are irrelevant to the instant complaint. *See, e.g., Paluch v. Dawson*, 2008 WL 2785638 at *6 (M.D. Pa. July 17, 2008) (denying Plaintiff's motion to compel reports of allegations of abuse of any inmate by any of the defendants); *Jackson v. Beard, et al.*, 2014 WL

3868228 at *6 (M.D. Pa. Aug. 6, 2014) (denying motion to compel "information with respect to any complaints about any issue that may have been pursued against a Defendant."); *Lyons v. Bear*, 2011 WL 2460930 at *6 (M.D. Pa. June 17, 2011) (denying motion to compel inmate grievances directed at any of the defendants); *Montanez v. Tritt*, 2016 WL 3035310, at *4 (M.D. Pa. May 26, 2016) (denying motion to compel production of incident reports, grievances and other documents involving other inmates where they were found to be "overly broad, irrelevant, confidential, [and to] bear no sufficient connection to this case, and raise obvious privacy and security issues.").

Williams' interrogatories regarding grievances, complaints, or other information concerning the mistreatment of inmates by Defendant Beddick is irrelevant and raises privacy and confidential issues. Accordingly, his motion to compel answers to Interrogatories 5, 7, 8, 9 and 11 is DENIED.

C. First Set of Interrogatories Directed to Defendants Clark, Meure, Jones, Adams, and Kusiak.

1. Interrogatories Nos. 1, 9, 11 & 12

Generally, Williams asks the Defendants to disclose the identity of the persons (1) responsible for maintaining all "retaliation monitoring forms," (2) responsible for the compliance of the department's PREA policy, (3) responsible for reviewing PREA reports and allegations, (4) and responsible for ensuring retaliation monitoring of those who reported sexual abuse or sexual harassment. *See Generally* ECF No. 89. Counsel for the Defendants argue that they have already provided this information to Williams. ECF No.98. Based upon Defendants' representation, the motion to compel is DENIED AS MOOT as to this request with the understanding that the Court retains the authority to take proper action if it is later determined

that any party has wrongfully withheld responsive information or provided untruthful or misleading responses to discovery.

## 2. Interrogatory No. 2

In Interrogatory No. 2, Williams asks for the name of every individual who was assigned to the PREA compliance division in the last three and a half years. ECF No. 89. Defendants object to the request as overly broad and seeking information that is not relevant to the remaining claims and defenses in this action. The Court agrees with both aspects of Defendants' objection. Accordingly, the Court will DENY the motion as to this interrogatory.

### D. Second Set of Interrogatories and Request for Production of Documents Directed to Defendants Clark, Kusiak, Anderson, Bashor, and Beddick

#### 1. Interrogatories Nos. 2 & 12

In Interrogatory No. 2, Williams seeks the name, institutional number, and cell assignment for every inmate in the Diversionary Treatment Unit (DTU). ECF No.89. Williams also asks for personal identification and contact information of specific inmate Leonard Young. *Id.* Defendants object, emphasizing confidentiality and security concerns with the dissemination of information relating to other inmates. Further, DOC policy prohibits inmates from receiving information about another inmate. *See, e.g., Sloan v. Murrary*, 2013 WL 5551162 at *4 (M.D. Pa. Oct 8, 2013) (denying motion to compel grievance responses that concerned other inmates, citing DOC policy prohibiting inmates from receiving information about one another); *Torres v. Harris*, 2019 WL 265804, at *1 (M.D. Pa. Jan 18, 2019). Williams' request for discovery of other inmates' information implicates important privacy interests. Any possible relevance of this information is substantially outweighed by privacy and confidentiality interests. Accordingly, the motion to compel answers to these interrogatories is DENIED.

2. Interrogatory No. 10

Williams next asks for the number of times that Defendant Beddick has been assigned to work on B-unit in the year 2016. ECF No. 89. Defendants objected to this request as "overbroad, irrelevant and not proportional to the needs of the case." ECF No. 98. As Williams' allegations against Defendant Beddick are based upon conduct that took place in 2015, the Court agrees that Beddicks' B-unit assignments for all of 2016 is not likely to lead to the discovery of admissible evidence and is overly broad and disproportionate to the needs of the case. Therefore, the motion to compel is DENIED as to this interrogatory.

3. Request Nos. 4 & 6

In Request for Production No. 4, Williams asks for the PREA Training Manual, and in Request No. 6, the staff development and training manual. ECF No. 89. Defendants object to both requests based on the basis that these documents are publicly available procedures that Williams can view by submitting a request within the prison. ECF No. 98. To the extent these manuals are readily available to Williams in the prison library, the motion to compel Defendants to produce them is DENIED. *See Bailey v. McMahon*, 2012 WL 1246147, at *7 (M.D. Pa. April 12, 2012) (denying motion to compel non-confidential procedures available to the inmate in the prison library).

4. Request No. 5

In Request No. 5, Williams asks for copies of certain Department of Corrections policies and procedures related to prison operations. ECF No. 89. Specifically, DOC policies 6.3.1, which involves the safe and secure operations of the institutions. In response, Defendants assert that the policies are confidential and not discoverable on security grounds. ECF No. 98. The Court agrees. Defendants' concerns are valid, and implicate legitimate safety and security risks. *See,*

*e.g., Coit v. Garman, et al.,* 2018 WL 3818853, at *2-3 (M.D. Pa Aug. 10, 2018); *Mercaldo v. Wetzel,* 2016 WL 5851958, at *3 (M.D. Pa. Nov. 6, 2016). Therefore, the Court will DENY Williams' motion to compel the production of the DOC policies 6.3.1.

5. Request No. 11

In Request No. 11, Williams seeks all housing unit reports, unit management team reports, and counselor reports related to himself. ECF No. 89. Althought, Defendants object to the request as overly broad, they did provide Williams with his cell assignment history. ECF No. 98. Williams' request is indeed overbroad and the relevance of the requested additional information is of dubious relevance. *See generally Mercaldo v. Wetzel,* 2016 WL 5851958 at *3 (M.D. Pa. Nov. 6, 2016). Therefore, the motion to compel is DENIED as to this request.

6. Request Nos. 16-22

Having reviewed Request Nos. 16-22 and determined that Williams has failed to make any legally cognizable argument regarding the relevance of the requested documents and information, the Court finds that Williams has failed to sustain his burden of proving the relevance of this requested information and will DENY Williams' motion to compel as to these requests. *Harlow,* 2012 WL 487790, at *2.

IV. Conclusion

In accordance with the preceding discussion, Williams' motion to compel is GRANTED IN PART and DENIED IN PART as more specifically set forth above.

Dated: July 12, 2019

Richard A. Lanzillo,
U.S. Magistrate Judge